## In the Common Pleas of Luzerne County.

---

### ESTATE OF C. W. MORGAN.

It is the duty of any person desiring an issue to reduce his request to writing, and to present the same under oath the auditor

**Exceptions to Report of Auditor.**

Opinion by CONYNGHAM, P. J.

The difficulty in granting the relief now asked for arises from the fact that the matter was submitted to the disposition of the auditor and no issue demanded. The paper filed by Mr. Bedford was not under oath or affirmation, as it is imperatively required in all such applications by 5th sec., rule 24, of the court. Being, then, entirely irregular, it was the duty of the auditor to have paid no attention to it, and his return of it to the court, as it has been objected to by the adverse party, give it no validity. If the issue had even regularly been demanded, by one counsel, representing with others, as the auditor states, before him equitable holders of the claimed judgments, we should have endeavored to interfere, if that counsel, disregarding the wishes of his co-claimants, had sought to dismiss the issue.

Here, however, we must consider the whole matter submitted to auditor, and unless there be something on the face of the report to show that his decision is wrong, the court must adopt his view of the facts. As he reports the evidence, the report would seem to be correct, and it must therefore be confirmed. The parties appeared before the auditor, and tried the questions in dispute there, and we can discover no reason to reverse his judgment.

It is difficult also to see how an assignee, under a general assignment for the benefit of creditors, '' not recorded,'' as the auditor says, can object to these proceedings.